**United States District Court**
**District of Massachusetts**

```
_____
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Government,            )
                                 )
          v.                     )     Civil Action No.
                                 )     14-10163-NMG
EDWARD BOYER et al.,             )
                                 )
          Defendants.            )
_____)
```

<u>**MEMORANDUM & ORDER**</u>

GORTON, J.

In June, 2014, defendant Edward Boyer ("Boyer") was charged with conspiring to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846.  The one-count Indictment includes a forfeiture allegation pursuant to 21 U.S.C. § 853 which states that, if convicted, Boyer and his co-defendants shall forfeit any property obtained as a result of the charged offense or used to commit that offense.  The allegation also notifies defendants that the government will seek the forfeiture of substitute assets up to the value of the unavailable property pursuant to 21 U.S.C. § 853(p).  It specifically identifies as a substitute asset

> the real property located at 159 Bay State Road,
> Rehoboth, Massachusetts, including all buildings and
> appurtenances thereon, more particularly described in
> a deed recorded at Book 18756, Page 111 at the
> Northern Bristol County Registry of Deeds.

-1-

Boyer owns the subject property ("the Rehoboth Property") in joint tenancy with his girlfriend.

The government seeks to record a <u>lis</u> <u>pendens</u> against the Rehoboth Property to facilitate its forfeiture as a substitute asset, if necessary, upon Boyer's conviction.  A <u>lis</u> <u>pendens</u> is a notice recorded in a real property's chain of title that warns all persons that such property is the subject matter of litigation and that "any interests acquired during the pendency of the suit are subject to its outcome." <u>Speleos</u> v. <u>BAC Home Loans Servicing, L.P.</u>, 755 F.Supp.2d 304, 312 (D. Mass. 2010).

The government contends that its forfeiture allegation constitutes a claim of right to title or for the use or occupation of the Rehoboth Property and an endorsement of that finding on a memorandum of <u>lis</u> <u>pendens</u>.  For the reasons that follow, that motion will be denied.

## I.   <u>Motion for Finding and Endorsement of Memorandum of Lis Pendens</u>

The central issue in this case is whether the government has the authority to record a <u>lis</u> <u>pendens</u> against the Rehoboth Property where any claim against that property is contingent on the government first obtaining a conviction against Boyer and then an order permitting the forfeiture of substitute property. The Court will consider whether the government has such authority, under either federal law or state law.

**A.    21 U.S.C. § 853**

The federal criminal forfeiture statute, 21 U.S.C. § 853,
authorizes the government to seek criminal forfeiture against a
defendant who is convicted of violating 21 U.S.C. § 846 and who
is subject to a sentence of more than one year. 21 U.S.C. §
853(a).  Property that is directly traceable to the crime is
generally forfeitable upon a conviction and the imposition of
sentence of more than one year. Id.  The forfeiture statute
specifically identifies as forfeitable property "constituting,
or derived from, any proceeds...obtained, directly or
indirectly, as the result of" the crime and property "used, or
intended to be used...to commit, or to facilitate the commission
of," the crime. Id.  If the government is unable to obtain such
property as a result of any act or omission of the defendant, it
may seek the forfeiture of "substitute assets" of the defendant.
Id. § 853(p).

The government may obtain a restraining order or injunction
to preserve the availability of property that is directly
traceable to the crime, either because it constitutes proceeds
or is used in its commission. Id. § 853(e).  While the First
Circuit Court of Appeals has not addressed whether similar
remedies are available with respect to substitute assets, a
majority of Circuit Courts of Appeals agree that § 853(e) does
not authorize the government to restrain substitute assets prior

-3-

to a conviction because the statute does not provide for

"relation-back," a doctrine that would allow the government's

interest in the property to vest when the defendant commits the

act giving rise to the forfeiture. See United States v. Parrett,

530 F.3d 422, 429-31 (6th Cir. 2008) (applying majority approach

and collecting cases from the Second, Third, Fifth, Eighth and

Ninth Circuits which have not allowed pretrial restraint of

substitute assets); United States v. Jarvis, 499 F.3d 1196, 1204

& n.8 (10th Cir. 2007) (same); but see In re Billman, 915 F.2d

916, 920-21 (4th Cir. 1990) (construing the RICO forfeiture

statute, 18 U.S.C. § 1963(d)(1)(A), liberally in light of its

remedial purpose and finding it to authorize pretrial restraint

of substitute assets).  This Court, following the majority

approach, concludes that the government is not authorized to

restrain the Rehoboth Property pursuant to § 853(e).

The government argues, however, that a lis pendens does not

amount to a restraint of property.  While a notice of lis

pendens filed by the government, "practically speaking, denudes

the subject property of its alienability," many courts that have

addressed this issue have nonetheless concluded that such a

notice is not a restraint as a matter of law. United States v.

Kramer, 2006 WL 3545026, at *10 (E.D.N.Y. Dec. 8, 2006); see

also United States v. Lebed, No2005 WL 2495843, at *10 (E.D. Pa.

Oct. 7, 2005) (holding that lis pendens do not amount to an

-4-

impermissible restraint on Defendants' assets); <u>United States</u> v. <u>Miller</u>, 26 F. Supp. 2d 415, n. 15 (N.D.N.Y. 1998) ("The filing of a <u>lis</u> <u>pendens</u> does not constitute a 'restraint' or 'seizure' within the meaning of 21 U.S.C. §§ 853(e) or (f), respectively.")

Nonetheless, even if a notice of <u>lis</u> <u>pendens</u> is not a pretrial restraint, the federal statute is, at best, silent with respect to the authority to file such a notice on substitute forfeiture property.  The Court will therefore proceed to consider whether the government is authorized by the laws of the Commonwealth of Massachusetts to file a notice of <u>lis</u> <u>pendens</u> against the Rehoboth Property.

**B.   M.G.L. c. 184, § 15**

The government contends that M.G.L. c. 184, § 15 permits it to file a <u>lis</u> <u>pendens</u> against a substitute asset prior to a conviction.  That statute provides that

> [u]pon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum.

M.G.L. c. 184, § 15.

The Supreme Judicial Court of Massachusetts has interpreted the statute to apply only to a proceeding that "affects the title to real property or the use and occupation thereof." <u>Wolfe</u>

-5-

v. <u>Gormally</u>, 802 N.E.2d 64, 65 (Mass. 2004).  To affect title, a plaintiff must be claiming "some interest in the real estate or some right to use and occupy it." <u>Shrewsbury</u> v. <u>Seaport Partners Ltd. P'ship</u>, 826 N.E.2d 203, 207 (Mass. 2005).  An "interest" in property that affects title includes a lien, <u>Siegemund</u> v. <u>Bldg. Comm'r of Bos.</u>, 160 N.E. 795, 796 (Mass. 1928), and a restrictive covenant, <u>Wolfe</u>, 802 N.E.2d at 70.

The government asserts that it has a qualifying interest in the Rehoboth Property notwithstanding the fact that its interest will "vest" only after Boyer is convicted.  The Court disagrees.

First, it is not persuaded by the reasoning of the case relied upon by the government for that proposition, <u>United States</u> v. <u>Woods</u>, 436 F. Supp. 2d 753 (E.D.N.C. 2006).  <u>Woods</u> held that the <u>lis pendens</u> statute of North Carolina authorized the government to file a <u>lis pendens</u> against substitute property because, pursuant to the Fourth Circuit's interpretation of federal forfeiture law, the government obtained an interest in the substitute assets at the time the underlying crime was committed. <u>Id.</u> at 754-55.  This Court declines to adopt the "relation-back" approach followed by the Fourth Circuit in lieu of the approach of other circuits holding that federal law does not create a property interest in substitute assets prior to conviction.

Second, the government is unable to contradict the sound reasoning of another district court in the First Circuit, which recently concluded that Massachusetts law does not permit the listing of a lis pendens on substitute assets for criminal forfeiture before conviction. United States v. Kavalchuk, 2010 WL 703105, at *4 (D.N.H. Feb. 23, 2010).  In Kavalchuk, the government acknowledged that the federal criminal forfeiture statute, 21 U.S.C. § 853, "does not authorize a notice of lis pendens or other restraints on substitute forfeiture property" but asserted that it was permitted under Massachusetts law.  The District Court declined to construe M.G.L. c. 184, § 15 to provide such authority because it concluded that 1) the statute on its face appears to pertain only to civil forfeiture proceedings, which are in rem and render the property the object of the action, while criminal forfeiture actions proceed against the defendant and not his property and 2) most courts that have considered this question "have found such authority lacking." Id.  The government in the case at bar fails to address either of those arguments.

As recognized in Kavalchuk, courts in other states with similarly-worded lis pendens statutes have also declined to apply them to substitute assets before a conviction is obtained. Id.  For instance, courts in New York have held that N.Y. C.P.L.R. § 6501 does not authorize the filing of a lis pendens

against substitute assets. See United States v. Queri, 679 F. Supp. 2d 295, 297-99 (N.D.N.Y. 2010); United States v. Kramer, 2006 WL 3545026, at *10 (E.D.N.Y. Dec. 8, 2006). Section 6501 provides that notices of lis pendens may be filed only in actions "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property." The district court applying the New York statute in Queri reasoned that the "judgment" sought in a criminal case does not include the forfeiture of substitute assets and is instead limited to conviction and forfeiture of property traceable to the crime committed. Queri, 679 F. Supp. 2d at 297.

Courts in other states have reached similar conclusions. See, e.g., United States v. Jewell, 556 F. Supp. 2d 962, 964-68 (E.D. Ark. 2008) (finding that Ark. Code Ann. § 16-59-101, which requires the filing of a notice of lis pendens in a suit "affecting the title [to real estate]", cannot be used against substitute assets in a criminal forfeiture proceeding because the government's pre-conviction interest in substitute assets is akin to the interest of a party to a civil suit in obtaining real property to satisfy a money judgment); United States v. Jarvis, 499 F.3d 1196, 1205 (10th Cir. 2007) (holding that the recording of a lis pendens on a substitute property was improper under New Mexico law because "it cannot be said the United

-8-

States has a cause of action which involves or affects the title to" the property at issue).

Finally, the government gives undue weight to the fact that § 15 is intended to provide notice of litigation affecting title to potential third-party purchasers of property. See Wolfe, 802 N.E.2d at 67 (citing Debral Realty, Inc. v. DiChiara, 420 N.E.2d 343, 348 (Mass. 1981)).  While evidence that a statute is intended to achieve a particular purpose may serve to illuminate its terms, any interpretation must be grounded in the text of the statute.  Here, the statute authorizes the filing of a lis pendens only in cases in which "the subject matter of the action constitutes a claim of a right to title to real property."

While the government may eventually seek to forfeit the Rehoboth Property if Boyer is convicted and it is unable to obtain property that is directly traceable to the crime, the government's potential claim against the Rehoboth Property is not, in any meaningful sense, the subject matter of this criminal action.

## II.  Motion for Leave to File Reply and Motion to Strike Proposed Reply Brief Included as Attachment

The government moved for leave to file a reply brief in support of its motion for a finding and endorsement of lis pendens.  Boyer opposes that request vociferously and argues that the government should not be permitted to file an initial

motion that is devoid of legal argument and then seek leave to provide support for its request only when the first motion is opposed.  Boyer overstates the deficiency of the initial motion which, while brief, cited the Massachusetts <u>lis</u> <u>pendens</u> statute and relevant case law.  While it would have been sounder practice for the government to alert the Court to the split of authority with respect to pre-trial restraints on substitute assets, failure to do so does not warrant denial of an opportunity to cure that mistake with a reply brief.

The Court also declines to strike the proposed reply brief attached to the government's motion.  This Session has encouraged the practice of attaching proposed reply briefs to motions requesting leave to file a reply.

<u>**ORDER**</u>

For the foregoing reasons,

1)   the motion by the government for a finding and
     endorsement of memorandum of <u>lis</u> <u>pendens</u> (Docket No.
     36) is **DENIED;**

2)   the motion by the government for leave to file a reply
     brief in support of its motion for <u>lis</u> <u>pendens</u> (Docket
     No. 43) is **ALLOWED;** and

3)   the motion by the defendant to strike the government's
     proposed reply brief (Docket No. 52) is **DENIED.**

**So ordered.**


                                  /s/ Nathaniel M. Gorton
                                  Nathaniel M. Gorton
                                  United States District Judge

Dated November 10, 2014